

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 16, 1970

This Opinion
Overrules Opinion
# O-6045
Where conflict

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. M- 576

RE: Whether a foreign
co-operative mar-
keting association
incorporated in a
foreign state is re-
quired to deposit
$500 as required by
Article 12.03, Title
122A, Taxation-Gen-
eral, V.C.S., and if
a sum so paid can be
refunded by the Comp-
troller

Dear Mr. Calvert:

By your recent letter, you request our opinion as to
whether Article 12.06, Title 122A, Taxation-General, Ver-
non's Civil Statutes (as amended by Acts 1969, 61st Leg.
Ch. 801, p. 2366), requires that $500.00 be deposited by a
foreign cooperative marketing association licensed to trans-
act business in this State, and if so paid, do you have the
authority to refund the same?

Agricultural co-operative marketing associations are
governed by the provisions of Articles 5737-5750, inclu-
sive, Vernon's Civil Statutes, and foreign co-operative
marketing associations are permitted to transact business
in this State by the express provisions of Article 5763,
supra, which provides as follows:

"The provisions of the general corporation
laws of this State, and all powers and rights there-
under shall apply to associations organized here-
under except when in conflict with the provisions
of this chapter. Provided, however, that any co-
operative marketing association incorporated under
the laws of any other State may apply for and be
granted a permit to do business in this State and
pay the same filing fee as required of domestic
corporations organized for a similar purpose.
Provided, further, that such foreign cooperative
marketing associations shall not be required to have
a paid-up capital or any portion of the capital paid-up

-2747-

in order to be entitled to such permit". (Emphasis added.)

Article 5764, supra, dealing with marketing associations organized under Chapter 8, Title 93, Vernon's Civil Statutes, requires an annual license fee of ten dollars, a filing fee of ten dollars, and two dollars and fifty cents for any amendments to their charter, and further provides that such associations shall be exempt from all franchise or license taxes. Under Article 12.01 et seq, Title 122a, Taxation-General, a foreign corporation qualifying for business in Texas is liable only for franchise taxes in the same manner and on the same basis as a domestic corporation. 14 Tex.Jur. 2d 761, Corporations, Sec. 661. To require a foreign marketing association to pay franchise taxes when a domestic marketing association is exempt from franchise tax would be a violation of our Federal and State Constitutions. U. S. Constitution, Fourteenth Amendment, Section I; Article VIII, Section 2, Texas Constitution. The foreign marketing association which is the subject of your inquiry has apparently already obtained a permit to do business and otherwise complied with all state regulations governing the transaction of business within the State. Under these facts, the imposition of a franchise tax upon such foreign corporations alone and exemption of all such domestic corporations would be discriminatory and unconstitutional. Southern R. Co. v. Green, 216 U.S.400 (1909); 77 A.L.R. 1494; 14 Tex.Jur.2d 667, Corporations, Sec. 574.

From the above statutory provisions, and our interpretation thereof, a foreign co-operative marketing association whose charter and permit provisions meet the requirements of Articles 5737-5764 need only show its articles of incorporation in a foreign state, pay the required fees as set forth in Article 5764, and secure a permit from the Secretary of State in order to be authorized to do business in Texas; subject only to the provisions of Article 12.06, supra, if they are applicable.

Article 12.06 of said Title 122A, as amended, provides as follows:

"All foreign corporations applying for a certificate of authority to do business, shall at the time of filing its application deposit with the Comptroller of Public Accounts the sum of Five Hundred Dollars ($500) which sum shall be deposited in a trust fund to be held by the Comptroller

of Public Accounts during the time the foreign corporation is engaged in doing business in this State. This deposit shall insure a foreign corporation's payment of all filing fees, filing all franchise tax reports and payment of franchise taxes, penalties and interest due this State according to the provisions of this Chapter. In the event a foreign corporation has ceased doing business in Texas prior to the forfeiture of the corporation's Certificate of Authority, and can demonstrate that all franchise tax reports, franchise taxes and penalties have been filed and paid, such deposit or balance thereof, if any, shall be returned by the Comptroller of Public Accounts to the legal agent of such foreign corporation in this State, designated in conformity with Article 12.11 of this Chapter.

"Whenever a corporation's Certificate of Authority to do business in this State be forfeited as provided in this Chapter, the entire amount of said deposit shall likewise be forfeited.

"The forfeiture of said deposit shall not bar the State's full recovery of the amount of franchise tax due; however, upon proof by such corporation of the actual amount of such franchise taxes due, and upon the filing of all delinquent tax reports, any amount of said deposit in excess of such franchise tax, including penalty and interest, shall be refunded."

The language of the statute clearly shows that the condition of such deposit is the payment of all fees and/or franchise taxes to become due and owing under said Chapter to the State by the foreign corporation seeking authorization to do business in this State.

It seems logical that if the corporation seeking admittance to this State is exempt from franchise taxes by statute, or exempt from the payment of franchise taxes by the proper statutory construction of the pertinent statutes and the Federal and State Constitutions, and that the necessary filing and license fees were paid at the time of filing, that such corporation would not be required to deposit the $500.00 as set forth in Section

2 of Article 12.06, supra.

Having paid Five Hundred Dollars under protest, we are of the opinion that the reasoning set forth in the case of Austin National Bank v. Sheppard, 123 Tex. 272, 71 S. W. 2d 242 (1934), constitutes sufficient basis for the Comptroller to refund the Five Hundred Dollars under question. (See page 246 of the case.)

In addition to the above authority, Article 1.11A of said Title 122A empowers the Comptroller to refund certain taxes and licenses therein enumerated upon determination that any person, firm or corporation has through mistake of law or fact overpaid the amount due the State. This office has heretofore in its Opinion No. M-140, dated October 2, 1967, reiterated the reasoning set forth in the Austin National Bank opinion.

In view of the foregoing and to the extent of any conflict with this opinion, the holding in former Attorney General Opinion O-6045 (1944) that such a kind of agricultural marketing association as is under consideration in this present opinion is not exempt from the franchise tax is overruled. We have held (supra) that Article 5764 should be given an interpretation which would uphold rather than void it on the constitutional grounds above considered.

### S U M M A R Y

A foreign co-operative marketing association, incorporated in a foreign state, whose charter provisions meet the requirements of Articles 5737-5764, Vernon's Civil Statutes, is not required to deposit the Five Hundred Dollars as set forth in Article 12.06, Title 122A, Taxation-General, Vernon's Civil Statutes, as a condition to secure a permit to do business in Texas, and a sum so paid

under protest to acquire a permit to do business in this State may be refunded by the Comptroller. Attorney General Opinion 0-6045 (1944) is overruled to the extent of any conflict with this opinion.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Gordon C. Cass
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Jim Broadhurst
Robert Davis
Sally Phillips
Ed Esquivel

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant